BENJAMIN D. BERG, Respondent, *v.* JUST BECAUSE, INC., Appellant. (Action No. 1.)

First Department, April 6, 1923.

**Master and servant — action to recover salary — defense that plaintiff breached contract and that his discharge was justified — decision that discharge was unlawful was against evidence.**

In an action to recover salary the decision of the trial court that the plaintiff was unlawfully discharged is against the evidence which conclusively shows that he was guilty of rank insubordination and disloyalty to his employer.

APPEAL by the defendant, Just Because, Inc., from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 10th day of November, 1922, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, in favor of the plaintiff.

*A. Spotswood Campbell*, for the appellant.

*Bickerton, Wittenberg & Fleisher* [*Philip Wittenberg* of counsel], for the respondent.

SMITH, J.:

The action was brought to recover salary alleged to be due for services rendered under a contract of employment. The defense was a breach of the contract by the plaintiff and failure to duly perform services, and conduct on his part justifying his discharge by the defendant. The case was tried before the court without a jury. The judgment directed for the plaintiff was affirmed by the Appellate Term with one justice dissenting.

One George T. Brokaw was the president and sole stockholder of the defendant, appellant. He was preparing to put upon the stage a play that had been written by a Miss O'Ryan. The plaintiff had been employed by the defendant under a contract which provided that the defendant employed the plaintiff as

general or business manager of the musical comedy " Just Because," " until the same is produced and so long as its production shall be continued by the employer." The plaintiff was to receive $150 per week and one per cent of the excess, if any, of the gross box office receipts over the sum of $10,000 in any one or more weeks. The duties of the plaintiff were then prescribed. He should take charge of the business office of the employer, engage and procure producers or directors of the stage, cast, costumes, scenery, properties, publicity, rehearsal hall, bookings, theatres, and in general do whatever might be necessary for the opening and continued production of said musical comedy in a first class manner, and should do what usually is done by the general or business manager of such a musical comedy production, and should consult and procure the approval of the president or vice-president of the employer, or such other person or persons as its board of directors might from time to time direct, as to expenditures to be made for the above purposes and as to who should be engaged, and as to the salaries or compensation to be paid to those so engaged.

There are other provisions of the contract that are not here material.

Upon February 2, 1922, the plaintiff wrote to Mr. Brokaw, the defendant's president, as follows:

" Dear Sir.— I wish to call your attention to the fact that you are interfering with my duties as a producer and general manager of the production ' Just Because ' and that you are placing every obstacle in my way for making the production a success.

" My agreement with your company provides that I take charge of the business offices, engage cast, costumes, scenery, properties, publicity, rehearsal hall and bookings. You have violated this clause by engaging the chorus yourself and you have placed every possible obstacle in the way for ' Just Because ' success.

" I must insist that no further interferences be made in my managements or I shall be forced to take legal steps to protect everybodys interest concerned.       " Yours very truly,
                                              " B. D. BERG."

The evidence shows conclusively that the plaintiff went to the rehearsals and there abused the defendant and its president, and procured to be read aloud the letter, which has been set forth, in the presence of the employees of the defendant; that he stated outright that the play was no good and would be a failure and was willing to bet that it would be a failure, and that he would make the defendant " spend his money like flowing water." He went to an employee of the defendant and told him that he was going to

make the entire company walk out; that he had torn up the booking contracts of the corporation and had thrown them in Mr. Brokaw's face, and that he would stop further bookings; and also that he was looking out for his own interests, and that he would see that the show would go to the storehouse; and, in effect, that he did not care how many people it would put out of work so long as he was getting his bit out of it. The evidence of which the foregoing is a summary was brought out by the defendant in justification of the discharge of the plaintiff. There was no denial thereof by the plaintiff who did not offer any proof in rebuttal.

This evidence discloses rank insubordination and disloyalty, which constitutes clear justification to defendant for terminating plaintiff's contract of employment. The decision of the trial court which, in effect, found that he was unlawfully discharged, is not only against the weight of evidence, but is wholly without evidence to sustain it.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed, and the complaint dismissed, with costs in all courts.

DOWLING, MERRELL, FINCH and McAVOY, JJ., concur.

Determination of Appellate Term and judgment of Municipal Court reversed and complaint dismissed, with costs to appellant in all courts.