M. BEATRICE DONOVAN, Respondent, *v.* THE AEOLIAN COMPANY, Appellant.

(Argued January 30, 1936; decided March 3, 1936.)

*George D. Beattys* for appellant. There was no express warranty as alleged in the complaint, nor is there any implied warranty to such effect. (*Newburger* v. *American Surety Co.*, 242 N. Y. 134; *Rinaldi* v. *Mohican Co.*, 225 N. Y. 70.) Plaintiff failed to comply with the provisions of section 130 of the Personal Property Law (Cons. Laws, ch. 41) in that she failed to give notice to defendant within a reasonable time of any alleged breach of warranty after she knew or ought to have known of such breach and plaintiff did not comply with the provisions of subdivision 3 of section 150 of the Personal Property Law in that she failed to notify defendant within a reasonable time of the election to rescind. Plaintiff cannot, therefore, hold defendant liable, nor could she legally rescind the sale. (*Cudahy Packing Co.* v. *Narzisenfeld*, 3 Fed. Rep. [2d] 567; *Mason* v. *Smith*, 130 N. Y. 474; *Maggioros* v. *Edson Bros.*, 164 N. Y. Supp. 377; *O. P. R. R. Co.* v. *Forrest*, 128 N. Y. 83; *Schenck* v. *State Line Tel. Co.*, 238 N. Y. 308; *Boothby* v. *Scales*, 27 Wis. 66; *Greenwich Bank* v. *Hartford Fire Ins. Co.*, 250 N. Y. 116; *Martin-Barris Co.*

v. *Jackson,* 24 App. Div. 354; *Wurlitzer Co.* v. *Pappas,* 215 App. Div. 23; *Silberman* v. *Engel,* 125 Misc. Rep. 816; *Brunella* v. *Bracchi,* 131 Misc. Rep. 301.)

*Samuel Rubin* for respondent. The facts and circumstances surrounding the transaction clearly established an intent on the part of the defendant to hold out the piano as a new, unused instrument. This was as much a representation as if it had been uttered in so many words. (*Brennan* v. *National Equitable Investment Co.,* 247 N. Y. 486; *Heckscher* v. *Edenborn,* 203 N. Y. 210; *Kuelling* v. *Lean Mfg. Co.,* 183 N. Y. 78; *Rinaldi* v. *Mohican Co.,* 225 N. Y. 70; *Grieb* v. *Cole,* 60 Mich. 397.) The question of whether plaintiff gave notice of rescission within a reasonable time after she knew or ought to have known of the breach of warranty was properly left to the jury. (*Andrews* v. *Hensler,* 6 Wall. 254; *Milz & Cie* v. *Bloomfield,* 146 Misc. Rep. 649; *Tighe* v. *Empire Bond & Mortgage Corp.,* 144 Misc. Rep. 146; *Schnitzer* v. *Lang,* 239 N. Y. 1; *Baker* v. *Lever,* 67 N. Y. 304; *Richard* v. *Credit Suisse,* 242 N. Y. 346; *Carpenter* v. *German American Ins. Co.,* 135 N. Y. 298; *Pierson* v. *Crooks,* 115 N. Y. 539; *Stone* v. *Molby Boiler Co.,* 195 App. Div. 68.)

LEHMAN, J. The plaintiff, in December, 1925, purchased from the defendant a piano for which she paid the sum of $3,475. In this action, brought on August 30, 1928, she has recovered the purchase price with interest. The complaint alleges that " at the time of the said sale, and as a part thereof, and as an inducement to the plaintiff to agree to purchase said piano and equipment, the defendant warranted and represented to the plaintiff that the said piano was a new instrument of recent manufacture and had never been used."

It is undisputed that the piano was, at the time of the sale, five years old. It had been used and partially rebuilt prior to the sale. The plaintiff gave no notice of any breach of the alleged warranty, or of any election

to rescind the contract, until December 2, 1927, approximately two years after the delivery to her of the piano. Upon this appeal the defendant contends that there was no warranty that the piano was new and unused and that even if such warranty had been given, the notice of election to rescind was not given within a reasonable time.

There is a conflict of evidence as to what was said to the plaintiff by the defendant's salesman at the time of the sale. The jury has resolved that conflict in favor of the plaintiff.

The evidence shows that the defendant manufactures and sells "Steinway Duo Art" pianos. The plaintiff went to the defendant's salesrooms to purchase such a piano. After hearing the tone of several pianos she selected one. She assumed that it was a new piano. Nothing was said by her that might have suggested to the salesman that she desired to purchase a used piano, and, according to her story, nothing was said by the salesman which might have suggested to her that she was buying a used piano at a small discount from the list price for new pianos of the same quality. The question then arises whether from the silence of the salesman a warranty can be inferred or implied that the piano offered for sale was new and unused.

Certain warranties of quality are implied under the statute in every sale or contract of sale, without evidence that the seller either promised or represented that the goods supplied would possess such quality. Unless there is agreement to the contrary, the intention to include such warranty must be presumed. No warranty that goods, supplied under a contract to sell or a sale, are new or unused, is included in such implied warranties. (Pers. Prop. Law, § 96; Cons. Laws, ch. 41.) A recovery in this action, in accordance with the allegations of the complaint, must be predicated upon a finding that the defendant agreed to give such warranty. "Any affirmation of fact or any promise by the seller relating to the

goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying' thereon." (Pers. Prop. Law, § 93.) In determining whether such an affirmation of fact or promise has been made by the seller we must apply the same tests as we would apply in determining the terms of any oral contract. If the evidence does not show such affirmation or promise in direct and express language it must, at least, show acts or words from which an intention to make such affirmation or promise can be inferred.

Here there has not been a direct affirmation by the seller that the goods were new and unused. None the less, the evidence is sufficient to sustain a finding that the plaintiff in purchasing a piano from the manufacturer believed that she was buying a new and unused piano and was induced to make the purchase by that belief. Ordinarily a buyer from a manufacturer or a dealer in new articles does not inquire whether the article supplied is new and unused. In some cases that may be due to the fact that previous use does not affect either the market value or usefulness of the article. In other cases it may be due to the fact that the buyer assumes, even without affirmation by the seller, that the article is new and unused. If the seller does not know that the buyer is acting under the belief that the article is new and unused, and has done nothing to induce that belief, the buyer cannot complain. There is no duty upon the seller to speak where silence does not constitute deception. Silence may, however, constitute fraud and deception where the seller has notice that the buyer is acting upon a mistaken belief as to a material fact. It depends upon the circumstances of each case whether failure to disclose is consistent with honest dealing. Where failure to disclose a material fact is calculated to induce a false belief, the distinction between concealment and affirmative misrepresentation is tenuous. Both are fraudulent.

In this case it is clear that the defendant's salesman was under a duty to inform the plaintiff that the piano she had selected was not a new piano. Indeed, the defendant does not seriously contend otherwise. Its primary contention is that the salesman did make the required disclosure; but the jury has rejected that contention. The question remains whether the plaintiff has been awarded the proper remedy for the wrong she has suffered.

Mere failure to disclose a fact, though fraudulent, may not be equivalent to affirmation of the contrary fact. Here the jury might find that there was more than a failure to disclose. It might find that the defendant implicitly agreed that the piano it sold was an unused piano. When a manufacturer offers a piano for sale in the ordinary course of business without disclosure of the fact that the piano had been used and then repaired, the *acts* of the manufacturer, coupled with the *words* of the salesman, may be regarded as an affirmation that the piano was taken out of stock and unused. Then there is a warranty that the piano is new. (Cf. *Grieb* v. *Cole*, 60 Mich. 397; *Fox* v. *Boldt*, 172 Wis. 333.)

The plaintiff did not discover the breach of such warranty until November, 1927. Then the plaintiff gave notice of the breach and of her election to rescind. For almost two years the plaintiff had the use of the piano and so far as appears she was satisfied with its quality. Then for personal reasons she decided to sell the piano and she was informed by an expert who examined it that the piano was seven years old and had previously been used and "remade." The statute provides that " if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor." (Pers. Prop. Law, § 130.) It cannot be said that the buyer should have made such

an examination of the piano as would have revealed that the piano had been previously used. That would have required the skill of an expert. The plaintiff had no reason to suspect that the piano might be old or to hire an expert to examine it to ascertain its age. Thus the notice of breach of warranty was given within the time permitted by the statute, and the defendant may be held liable for breach of its warranty. It does not follow that the plaintiff may rescind the contract of sale and recover the purchase price.

The remedies of a buyer for breach of warranty are defined by section 150 of the Personal Property Law. They include the right to accept or keep the goods and maintain an action against the seller for damages for the breach of warranty (subd. 1-b) or to " rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid " (subd. 1-d). The first of these alternative remedies would have given the plaintiff complete compensation for the wrong suffered. She had selected the particular piano which she liked best. Its previous use affected its market value. It did not affect its tone. The plaintiff used it as long as she wished. She was damaged only because she paid for an old piano the price of a piano which was warranted as new. For these damages she is entitled to compensation.

By choosing the alternative remedy of rescission, the plaintiff has obtained more than the damages she has suffered and more than she is entitled to receive. That remedy is provided because it would be unjust to compel a buyer to retain goods which do not comply with the stipulated warranties or conditions. He might not desire to use the goods actually supplied and damages or recoupment in diminution of price might prove an incomplete remedy for failure to obtain goods of the stipulated

quality. Then the loss should rest wholly upon the person who caused the loss. In this case, however, the plaintiff has had the use for almost two years of the piano she selected, yet she has been awarded the purchase price without diminution for the value of such use or for the inevitable loss of value of the piano through such use. The statute does not permit a rescission under such circumstances.

It provides that " where the goods have been delivered to the buyer, he cannot rescind the sale * * * if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer." (Pers. Prop. Law, § 150, subd. 3.) Here there is a distinction between the notice of breach of warranty required by section 130 to fasten liability upon the seller for its breach and the notice of election to rescind required by section 150 as a condition annexed to the *remedy* of rescission for such breach. The notice of breach of warranty, to fasten liability upon the seller, must be given within a reasonable time " *after* the buyer knows, or ought to know, of such breach." Even then the buyer may not avail himself of the remedy of rescission if he fails to notify the seller within a " reasonable time " of his election to rescind. In this additional requirement there is no indication that a " reasonable time " begins only " after the buyer knows, or ought to know, of such breach." If the Legislature had so intended it would have said so. The words here used are open only to the construction that a reasonable time must be determined by all the circumstances of the particular case, not exclusively by the time when the breach should reasonably have been discovered.

Long-continued failure to discover the defect in the goods, if the buyer is without fault, should not absolve the seller from liability for his breach of contract. So the Legislature has decreed, but it has not decreed that

the buyer may rescind the contract and return the goods when such failure, though without the buyer's fault, prevents the buyer from giving notice of election to rescind until after a reasonable time for rescission of the contract has elapsed. In such case the buyer should be relegated to the remedy of recovery or recoupment of damages. It cannot be said that a notice of election to rescind is given within a reasonable time when it is postponed for almost two years and during that time the buyer has obtained substantially the benefit which he expected to derive from his contract. The buyer may not profit at the expense of the seller from such a long delay in the discovery of the breach of contract. A buyer who has received and retained substantial benefit from the contract may then recover compensation only for that which he has failed to receive. (Cf. *Ketterer* v. *Bay View Nash Co.*, 192 Wis. 343.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.