LEWIS NEWMAN, Appellant, v. JOHN MAGGIO, Doing Business as RAPID CLEANERS, Respondent.— Action to recover as damages an unpaid balance of the purchase price of cleaning machinery, which balance was to be evidenced by notes to be given by the defendant, the purchaser, and to recover for work, labor and services. Defendant counterclaimed for the return of $2,700 paid on account of the purchase price, $200 paid, at plaintiff's request, to an employee of plaintiff, and for further damages. Plaintiff appeals from a judgment entered on the jury's verdict in favor of defendant on the counterclaim and dismissing the complaint. Judgment reversed on the law, with costs, and new trial granted. While the jury could find that the parties modified the original agreement to provide that appellant was obligated to deliver the cleaning machine and the tumbler only, and that respondent could rescind if there was a breach of warranty as to those articles, nevertheless it is undisputed that, long after discovery of the alleged breach, the respondent retained and used the articles after the refusal to accept their return, without promise of improvement in operation, or request or consent by appellant that respondent continue to use them on trial. Respondent's conduct constituted an acceptance of the articles. (Cf. Donovan v. Aeolian Co., 270 N. Y. 267.) The proof did not, therefore, warrant submitting to the jury the respondent's right to recover the payments made. Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

■

HENRY M. OLDS, Plaintiff, v. LOUIS BRISKMAN, Defendant. (Action No. 1.) CYNTHIA BRISKMAN, an Infant, by LOUIS BRISKMAN, Her Guardian ad Litem, et al., Appellants, v. HENRY M. OLDS, Respondent. (Action No. 2.) LOUIS BRISKMAN, Plaintiff, v. HENRY M. OLDS, Defendant. (Action No. 3.) — Appeal by plaintiffs in action No. 2 from an order directing consolidation of two Nassau County actions with an Erie County action, all arising out of the same accident, and directing that the consolidated action be tried in Erie County. Order affirmed, without costs. No opinion. Wenzel, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.

■

BERNICE M. OLSON et al., Respondents, v. CITY OF NEW YORK, Appellant. CITY OF NEW YORK (BOARD OF TRANSPORTATION OF THE CITY OF NEW YORK), Appellant, v. BERNICE OLSON et al., Respondents. (Action No. 1.) MILDRED FANELLI et al., Respondents, v. CITY OF NEW YORK, Appellant, and ALBERT OLSON et al., Respondents. (Action No. 2.) — The City of New York, a defendant in consolidated Action No. 1, and the City of New York, acting by the board of transportation of the City of New York, a plaintiff in said action, appeal from an order made at Trial Term, Queens County, dated February 14, 1955, severing consolidated Action No. 1 from Action No. 2. Consolidated Action No. 1 and Action No. 2 previously had been consolidated by an order made at Special Term, Queens County, dated October 18, 1954. Order dated February 14, 1955, reversed, with $10 costs and disbursements, and order dated October 18, 1954, reinstated. The fact that the respondents Olson were represented by different attorneys, in their capacities as plaintiffs and defendants, does not warrant the severance of the actions consolidated by an outstanding order of a court of co-ordinate jurisdiction. (Shea v. Benjamin, 275 App. Div. 1003.) Wenzel, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.