Challes H. Cohen, J.
In 1961 and 1962 plaintiff, a wholesaler, purchased quantities of Co-Jo, described as a creme hand *963 cleanser, from defendant which dealt in this merchandise and sold it to plaintiff after defendant’s representative had called upon plaintiff for the purpose of selling this merchandise and had delivered literature to plaintiff describing the merchandise. Plaintiff stored the merchandise in its warehouse from which it apparently made deliveries to its customers. Neither the cans nor the literature describing Go-Jo which defendant had delivered to plaintiff contained any statement limiting the time within which Go-Jo had to be used. In 1965 plaintiff found that some, but not all, of the Go-Jo remaining in its warehouse had liquified and had leaked out of the cans in which it had been sold. Plaintiff sues for damages based upon claims of negligence and breach of implied warranty of merchantability and fitness for use with respect to the cans of Go-Jo which liquified.
Defendant rested at the end of plaintiff’s case. Defendant offered no evidence and did not contest plaintiff’s evidence to the effect that the solid material in some of the cans had liquified and leaked out. The court dismissed the cause of action in negligence and reserved decision on the motion to dismiss the cause of action for breach of warranty. Defendant takes the position that this cause of action must be dismissed on the ground that a claim for breach of warranty must be asserted within a reasonable time and that as a matter of law this claim was not asserted within a reasonable time. In support of this position, defendant relies upon subdivision (3) of section 2-607 of the Uniform Commercial Code which requires a buyer to notify the seller of a breach within a reasonable time after he discovered or should have discovered the breach. The court observes that the Uniform Commercial Code, having come into effect on September 27, 1964, is inapplicable to this case. (See Mendel v. Pittsburgh Plate Glass Co., 25 N Y 2d 340, 342.) However, neither subdivision (3) of section 2-607 of the Uniform Commercial Code nor ‘ ‘ the similar provision of section 130 of the Personal Property Law, which was the predicate for section 2-607 of the Uniform Commercial Code ’ ’ (Fischer v. Mead Johnson Labs. 41 A D 2d 737), supports defendant’s position. The applicable statute requires that a buyer give notice of the breach of warranty “ within a reasonable time after the buyer knows, or ought to know, of such breach ” (Personal Property Law, § 130). It is uncontradicted, and the court finds, that the plaintiff gave notice to the defendant immediately after it knew of the claimed breach. A remaining question with respect to notice is whether it was given within a reasonable time after the plaintiff “ ought ” to have known. Keeping in mind *964 the fact that the Go-Jo was packed in cans for resale, there was no obligation on the part of plaintiff to open and inspect the contents of the cans. Moreover, when the Go-Jo was purchased it appeared to be in solid “ creme ” form and was not liquified. Plaintiff had no reason to suspect that there was anything wrong with the merchandise. (See Donovan v. Aeolian Co., 270 N. Y. 267, 273.) There was nothing on the cans or in the literature which defendant delivered to plaintiff warning of any possible deterioration or liquification of the Go-Jo. Accordingly, the court finds that there was no time prior to the time when plaintiff learned that the merchandise had liquified when plaintiff ‘1 ought ’ ’ to have known of a breach.
The court, then, is left with the question as to whether or not plaintiff has proved a breach of warranty of merchantability, or in the words of the then applicable statute, a breach of an implied warranty “ of merchantable quality ” (Personal Property Law, § 96, subd. 2). It is clear, and the court finds, that defendant warranted that it sold a solid ‘ ‘ creme ’ ’ substance and that the merchandise in question changed into a liquid and leaked over the cans in which it was to be resold by plaintiff.
Defendant argues that “ plaintiff’s contributory negligence in the storage, handling and rotation of its stock should prevent its recovery.” The court notes the statement in Mendel v. Pittsburgh Plate Glass Co. (25 N Y 2d 340, 346, supra) that “ Surely an injury resulting from a defective product many years after it has been manufactured, presumptively at least, is due to operation and maintenance.” The Court of Appeals pointed out, however, that such a presumption does not become conclusive until the applicable Statute of Limitations expires. Here, plaintiff’s president and general manager, who was in this business for many years, and who, the court finds, was a credible witness, testified that the Go-Jo was stored under proper conditions and that some of it liquified and some of it did not. Defendant offered no evidence to the contrary. It offered no evidence at all which raised any question concerning the manner in which the Go-Jo was stored or handled. Thus, the court finds that any presumption from the passage of time that the liquification of the merchandise was due to ‘ ‘ operation and maintenance ” was overcome, and the court finds that the Go-Jo in question was not ‘ ‘ of merchantable quality. ’ ’ In Fredendall v. Abraham & Straus, Inc. (279 N. Y. 146), relied upon by defendant, there was evidence which conclusively showed that the plaintiff there failed to exercise reasonable care in the use of the product in question. There was no such evidence whatsoever *965 presented in this case. On the contrary, the only evidence presented showed that plaintiff did handle the Go-Jo properly.
As pointed out in Donovan v. Aeolian Co. (270 N. Y. 267, 274, supra) “Long-continued failure to discover the defect in the goods, if the buyer is without fault, should not absolve the seller from liability for his breach of contract.” Thus, where the Statute of Limitations — not an issue in this case — has not run, the mere passage of time does not foreclose an action for breach of warranty. The Court of Appeals in Mendel v. Pittsburgh Plate Glass Co. (25 N Y 2d 340, supra), adhering to the rule that the Statute of Limitations runs from the time the sale was consummated, pointed out that this rule effectively cuts off such actions arising six years (and now, four years, Uniform Commercial Code, § 2-725, subd. [1]) thereafter so that there is a fixed limit beyond which there can be no liability for breach of warranty. This rule gives a manufacturer adequate protection against unfounded claims and in some cases, as noted in Mendel v. Pittsburgh Plate Glass Co. (supra, p. 346), might even cut off a meritorious claim. Prior to the expiration of the Statute of Limitations there is the presumption which may help a manufacturer when a claim arises years after a product is manufactured but which, as in this case, may be overcome by sufficient evidence to the contrary. The court observes that a manufacturer such as the defendant here, if concerned with possible claims of breach of warranty asserted by his purchaser, may limit his liability by appropriate disclaimer (see Personal Property Law, § 152; Uniform Commercial Code, § 2-316) and may even reduce the period of the Statute of Limitations by agreement (see former Civil Practice Act, § 10, subd. 1; CPLR 201; Uniform Commercial Code, § 2-725, subd. [1]).
The court finds that plaintiff has been damaged in the amount of $1,376.85 and directs that plaintiff recover judgment against defendant in that amount with interest from September 10, 1962.