OPINION OF THE COURT
Cooke, J.
We face the question of whether plaintiffs misrepresentation as exerted upon defendant employer was of such a character as to vitiate a waiver of the latter’s right to discharge plaintiff before he retired on a pension.
Plaintiff Hadden, a former vice-president of defendant Consolidated Edison Company of New York, Inc. [Con Edison], instituted this action in which he seeks to recover damages and secure a declaration of entitlement to monthly retirement benefits under defendant’s pension plan. Defendant counterclaimed for a contrary pronouncement and for disgorgement by plaintiff of moneys and other things of value received from persons connected with certain construction firms doing business with defendant during a period when plaintiff was in charge of its construction. Upon appeal from a previous summary judgment determination, this court remanded for resolution of the issue of whether "Con Edison’s waiver of its right to discharge Hadden before his retirement [was] knowingly induced by Hadden through material misrepresentation” (34 NY2d 88, at p 100).[1]
Trial Term, upon remand, entered judgment dismissing the *469 complaint and declaring that the action of defendant rescinding the pension rights granted to plaintiff was approved and that said pension rights are and have been without force and effect since said rescission. A majority of the Appellate Division, viewing the matter differently, vacated the complaint’s dismissal and declared that plaintiff is entitled to pension payments in addition to those already received, that defendant’s rescission of those benefits was disapproved and that said rights are in full force and effect.[2]
Based on testimony, the trial court found that Hadden had received, admittedly, a total of $16,000 in bribes from Fried, and a secret gift of $14,750 and approximately $1,000 in expenses from Benesch, all of which he had concealed and at trial conceded to be wrong. As a consequence of the affirmative misrepresentation that he had received no such gifts or payments, Con Edison forebore from discharging Hadden. The Appellate Division majority (58 AD2d 154, 158), in modifying, found: "Proof of concealment there was, but not of an agreement not to discharge”, and concluded: "It is a contradiction in terms to permit rescission of an agreement that never was.”
It was not necessary that the misrepresentation or concealment result in a discrete "agreement not to discharge” in order to be the pivot for legal redress. Generally and excepting instances where there would be transgressions of public policy, all rights and privileges to which one is legally entitled, ex contractu or ex debito justitiae, may be waived (Matter of Hills, 264 NY 349, 354; People ex rel. McLaughlin v Board of Police Comrs. of City of Yonkers, 174 NY 450, 456; Matter of Moore, 165 Misc 683, 685, affd 254 App Div 856, affd 280 NY 733). A waiver, the intentional relinquishment of a known right (Matter of Meachem v New York Cent. R. R. Co., 8 NY2d 293, 299), may be accomplished by express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage (Matter of City of Rochester, 208 NY 188, 197; People ex rel. McLaughlin v Board of Police Comrs. of City of Yonkers, supra, at pp 456-457, 458-459).
The conceded acceptance of bribes and gifts by the servant, Hadden, from those doing business with his employer and in contravention of the master’s rules constituted such *470 grave misconduct and dishonesty[3] as to justify the servant’s discharge (Graves v Kaltenbach & Stephens, 205 App Div 110, 111, affd 237 NY 546; cf. Berg v Just Because, 205 App Div 31, 32-33; see Restatement, Agency 2d, §§ 380, 381). This general right to discharge was subject to waiver by words or conduct manifesting an election to forego the power or privilege to terminate (cf. Twentieth Century-Fox Film Corp. v Lardner, 216 F2d 844, 850, 852-854, cert den 348 US 944; 5 Williston, Contracts [3d ed], § 725); but any relinquishment of the option to dismiss induced by such deceit and device as to constitute fraud would be ineffective and not binding, as "fraud vitiates everything which it touches” (Angerosa v White Co., 248 App Div 425, 431, affd 275 NY 524).
Hadden as an officer and employee of defendant was bound at all times to exercise the utmost good faith in the performance of his duties for the principal (Jones Co. v Burke, 306 NY 172, 187-188). When his dealings with the suppliers and a political figure were called into question, his failure to disclose material facts to the employer, including his conceded statement that he had done nothing wrong, was calculated to induce a false belief and was the predicate for reliance. At this juncture, the distinction between concealment and affirmative misrepresentation faded into legal insignificance, both being fraudulent (cf. Donovan v Aeolian Co., 270 NY 267, 271; Matter of First Citizens Bank & Trust Co. of Utica v Estate of Sherman, 250 App Div 339, 345). The inaction or refraining from action on the part of the employer Con Edison effected by such purposeful concealment of material facts was as culpable and actionable as where fraud induces positive action (Stern Bros. v New York Edison Co., 251 App Div 379, 381; Continental Ins. Co. v Mercadante, 222 App Div 181, 186-187; Hillel v Motor Haulage Co., 140 NYS2d 51, 54, affd 1 AD2d 782; cf. Rothmiller v Stein, 143 NY 581, 586-588).
For these reasons, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, New York County, reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed, etc.

. The Court of Appeals did not disturb that part of the order of Special Term which granted Con Edison’s motion for summary judgment on its second counterclaim to the extent of $16,000, plus interest, representing moneys and a gift certificate from Fried who was connected with two of the construction companies, which order was affirmed by the Appellate Division (34 NY2d, at pp 92-93). Neither did the Court of Appeals consider the previous finding of issues of fact requiring trial in respect to Con Edison’s claim for a balance of $15,750 under the second counterclaim, i.e., for $14,750 profit realized by Hadden as a result of stock dealings with and $1,000 in airline tickets and hotel accommodations from Benesch, the president of another construction company.

. The Appellate Division affirmed that part of the judgment of Trial Term which adjudged that defendant recover of plaintiff $15,750, with interest, upon the remaining portion of the second counterclaim in respect to receipts from Benesch.

. "Though the bribe be small, yet the fault is great” (Coke, The Third Part of the Institutes of the Laws of England [London: E and R Brooke, MDCCXCVII], p 147).