OPINION OF THE COURT
Beverly S. Cohen, J.
Plaintiff publishes a series of directories listing commercial establishments in various sections of Manhattan. Defendant Growth Personnel Agency, Inc. operates an employment agency; defendant Grossman is its president.
On September 8, 1976, plaintiff and corporate defendant *542 entered into a contract by which plaintiff sold advertising space and listing in the Midtown East and Midtown West directories to that defendant for the sum of $1,492.80 for two years. Defendant made a down payment of $118.40 upon signing the contract and, thereafter, in March, 1977 made one monthly payment of $65.20, leaving a balance of $1,309.20.
Growth Personnel claims that plaintiff fraudulently induced it to enter into the contract by misrepresenting that plaintiff’s publication was a new improved version of the New York Telephone Company yellow pages in which defendant then advertised.
Grossman testified, and I find, that plaintiff’s salesman told him that this publication would replace the bulky New York Telephone yellow pages volume; that these new sized books constituted a better system because they permitted selective and limited-area exposure and distribution at a commensurate reduction in advertising rates. Defendant had been paying $3,600 per year for its ad in the New York Telephone Company yellow pages. After placing the ad with plaintiff, defendant did not renew its telephone company yellow pages ad.
Plaintiff’s publication, which both sides agree was shown to Grossman by plaintiff’s salesman, is boldly entitled New York Yellow Pages, and subtitled Midtown West Blue Book. It bears on its cover the familiar legend "Let your fingers do the walking!”, and the logo of walking fingers which appears on the telephone company yellow pages. This logo is topped by the word "official”. Further to be noted on the cover is a large outline of a telephone.
Examination of the inside of plaintiff’s publication disclosed that it is strikingly similar in format, print style and paper color to the New York Telephone Company yellow pages, even to such detail that in both publications each category name heading is preceded by the identical triangular dart.
When two products are as similar in appearance and purpose as plaintiff’s and the New York Telephone Company’s, and where one is pre-eminent it its field and geographical area, and vastly more well known to the general public, a great likelihood exists that the lesser product will be misunderstood by a customer to be the greater one.
Such probability of confusion, which could not but be known to plaintiff, as it would be to anyone with knowledge of the facts, gave rise to a duty to state affirmatively to defendant that the publication had no connection with the New York *543 Telephone Company yellow pages. Such potential confusion constitutes constructive notice that one party may be acting upon a mistaken belief as to a material fact which gives rise to the duty to speak. (Donovan v Aeolian Co., 270 NY 267.)
Not only did plaintiff not advise defendant that the publications were different but it affirmatively sought to induce defendant to believe they were the same.
The salesman’s statement that these local directories were going to replace the large bulky volume of yellow pages is ambiguous and allows of two interpretations. It can mean that some day, because they are better suited to the public’s need, these books will be used instead of the large volume. With such interpretation the statement would not support an action for fraud. (24 NY Jur, Fraud and Deceit, § 43, p 78.)
On the other hand, it is very likely in view of all the circumstances that the statement will be taken to describe an ongoing state of affairs, that is the phasing out of the large volume by the telephone company and the phasing in by them of the new small volumes. I find that plaintiff’s salesman believed that his potential customer would give his statement the latter interpretation and plaintiff’s representations intended that he should. I find further that defendant believed that it was buying space in an edition of the New York Telephone Company’s yellow pages. This constituted fraudulent inducement to enter into a contract which is a complete defense to plaintiff’s action. (24 NY Jur, Fraud and Deceit, § 228.)
The complaint is dismissed. No prima facie case against the individual defendant was established.
Defendant has adduced no proof to support its counterclaims for lost business. The counterclaim is dismissed.