▮ NICHOLAS B. POST, Appellant, v XEROX CORPORATION, Respondent.—Order and judgment unanimously affirmed without costs. Memorandum: From the evidence before it, Supreme Court was entitled to find that Xerox properly refused to pay plaintiff benefits under the voluntary reduction in force agreement. Plaintiff, as an employee of Xerox, was responsible for

the maintenance of all of the Xerox facilities in Monroe County and the supervision of more than 600 employees. As such, he was bound at all times to exercise the utmost good faith in the performance of his duties for his employer. When he applied for the voluntary reduction in force (VRIF) benefits, plaintiff knew that Xerox would not approve the application if it had known the facts concerning his prior unethical conduct, yet he concealed those facts. Under the circumstances, he had a duty to speak and "the distinction between concealment and affirmative misrepresentation faded into legal insignificance" *(Hadden v Consolidated Edison Co.,* 45 NY2d 466, 470; *see also, Donovan v Aeolian Co.,* 270 NY 267, 271; *Matter of First Citizens Bank & Trust Co. v Estate of Sherman,* 250 App Div 339, 345; 60 NY Jur 2d, Fraud and Deceit, §§ 94, 95).

Because plaintiff deliberately concealed material facts at the time the VRIF agreement was entered into, when he had a duty to speak, Xerox was entitled to rescission of the agreement. (Appeal from order and judgment of Supreme Court, Monroe County, Wesley, J.—breach of contract.) Present— Denman, J. P., Boomer, Pine, Balio and Lowery, JJ.