■ CGB PRINCIPALS REALTY ASSOCIATES, Appellant, v TRIPLE NICKLE FOODS #2, INC., Respondent. [683 NYS2d 99] —In an action, *inter alia,* for a judgment declaring the parties' respective rights under a provision of a lease, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated December 23, 1997, which denied its motion for summary judgment on the cause of action for a declaration interpreting the lease.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff is the successor tenant and the defendant is the successor landlord to a lease, dating back to 1959, for a parking lot (hereinafter the demised premises). The demised premises constitutes a portion of a larger tax lot, the balance of which is leased by the defendant for the operation of a restaurant. The plaintiff commenced this action seeking, *inter alia,* an interpretation of the provision of the lease which concerns its obligation as the tenant to pay real estate taxes on the entire tax lot. After issue was joined, the plaintiff moved for summary judgment on that issue, declaring that it was obligated by the lease to pay only two-sevenths of the real estate taxes levied on the tax lot, exclusive of those taxes levied on buildings and improvements. The Supreme Court denied the motion. We reverse.

The plaintiff established a prima facie case that the lease provision at issue was clear and unambiguous, and obliged it to pay two-sevenths of real estate taxes levied on the entire tax lot, exclusive of those levied on buildings and improvements (*see, Chimart Assocs. v Paul,* 66 NY2d 570; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285; *Carvel*

*Corp. v Rait,* 117 AD2d 485). In response to the plaintiff's prima facie showing that it is entitled to summary judgment, the defendant failed to raise a triable issue of fact that the doctrines of estoppel and/or waiver are applicable (*see, Hadden v Consolidated Edison Co.,* 45 NY2d 466; *Triple Cities Constr. Co. v Maryland Cas. Co.,* 4 NY2d 443). Therefore, summary judgment on the issue of lease interpretation is granted to the plaintiff. Upon the resolution of the remaining causes of action, a judgment should be entered declaring that the plainitff is obligated to pay two-sevenths of the real estate taxes levied on the lot, exclusive of those levied on buildings and improvements. Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.