■ STANLEY GALLANT et al., Appellants-Respondents, v STATEN ISLAND SAVINGS BANK (SUCCESSOR TO GATEWAY SAVINGS BANK), Defendant and Third-Party Plaintiff-Respondent. DANIEL KORNBLUM et al., Third-Party Defendants-Respondents-Appellants. [698 NYS2d 161] —In an action, *inter alia,* to recover damages for breach of contract, (1) the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Vaughan, J.), entered July 15, 1998, as granted the branch of the motion of the defendant Staten Island Savings Bank which was for partial summary judgment dismissing the fifth cause of the action in the complaint alleging a deceptive trade practice pursuant to General Business Law § 349, and (2) Daniel Kornblum and Carol Kornblum appeal from so much of a judgment of the same court (Held, J.), dated December 8, 1998, as (a) awarded the plaintiffs damages for breach of contract in the principal sum of $225,000, to be paid from their

funds held by the defendant Staten Island Savings Bank, and (b) dismissed their counterclaims against the plaintiffs, and the plaintiffs cross-appeal from so much of the same judgment as (a) awarded them damages for breach of contract in the principal sum of only $225,000, and (b) dismissed the second cause of action of their second amended complaint alleging tortious interference with contract against Daniel Kornblum and Carol Kornblum.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the fourth decretal paragraph thereof and substituting therefor the following: "Ordered, Adjudged, And Decreed, that the plaintiffs, Stanley Gallant, residing at 1185 Park Avenue, Apt. 5L, New York, New York, 10028, and Jack Sternklar, residing at 221 Beach 137th Street, Belle Harbor, New York, 11694, do recover of Daniel Kornblum and Carol Kornblum, residing at 73 Aspinwall Street, Staten Island, New York, 10307, the sum of Two Hundred Seventy-Five Thousand ($275,000), plus costs and disbursements as fixed by the clerk in the sum of $1,230, plus interest thereon from June 1, 1995, the date of the default until present"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by Daniel Kornblum and Carol Kornblum.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The court correctly granted the branch of the motion of the defendant Staten Island Savings Bank which was for partial summary judgment dismissing the fifth cause of the action in the complaint alleging a deceptive trade practice pursuant to General Business Law § 349 (*see, Teller v Bill Hayes, Ltd.,* 213 AD2d 141).

The plaintiffs correctly argue that the proper amount of damages to be awarded to a vendor for a vendee's default on a real estate contract without lawful excuse is the down payment (*see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373). Since the down payment in the instant case was $275,000, the Supreme Court erred in awarding the plaintiffs damages for breach of contract in the principal sum of only $225,000. Accordingly, the judgment has been modified to the extent indicated.

The parties' remaining arguments are without merit (*see, Kronos, Inc. v AVX Corp.,* 81 NY2d 90; *Graubard Mollen Dannett & Horowitz v Moskovitz,* 86 NY2d 112; *Hadden v Consolidated Edison Co.,* 45 NY2d 466; *Babylon Assocs. v County of Suffolk,* 101 AD2d 207). Mangano, P. J., O'Brien, Ritter and Schmidt, JJ., concur.