■ BERNARD B. BOSSARD, Appellant, v SHANT S. HOVNANIAN et al., Respondents. [738 NYS2d 330] —Judgment, Supreme Court, New York County (Judith O'Shea, J.), entered October 24, 2000, which, after a nonjury trial, inter alia, dismissed the complaint, unanimously affirmed, without costs.

Plaintiff brought the instant action seeking equitable relief in the form of specific performance and a constructive trust, claiming a one-third interest in the corporate defendant, VisionStar, Inc. (VSI), based upon a partnership agreement, referred to as the Suite 12 Agreement, between plaintiff, the individual defendant and defendant's father, pursuant to which the three formed a partnership to exploit certain technology created by plaintiff. The Suite 12 Agreement stated, inter alia, that any company or enterprise created as a result of the subject partnership or technology would be divided equally by the partners. However, the Suite 12 Agreement also expressly anticipated that business entities would be formed to accomplish the marketing objectives of the Suite 12 Agreement, and that public offerings of securities would be made to effectu-

ate that end. At the time defendant formed VSI, the partners had, in fact, formed other entities to carry out the partnership business and the evidence overwhelmingly demonstrates that, as the trial court found, the Suite 12 Agreement did not govern the parties' interests with respect to the subsequently formed entities, and that Suite 12 existed merely to hold the partnership interests in those subsequently formed entities, to which all of the tangible assets of Suite 12 had been transferred. The evidence supported the conclusion that the parties, including plaintiff, understood this and acted accordingly. Thus, to the extent that any purported business opportunity was denied plaintiff, it did not belong to Suite 12, but to the subsequently formed entities, and thus was not governed by the Suite 12 Agreement, upon which plaintiff premises his right to recover. In any case, the evidence supports the trial court's conclusion that the individual defendant offered the business opportunity at issue to the partners of the subsequently formed entities, including plaintiff, but that they declined to pursue it due to the risk and expense of the venture. Plaintiff thereby waived any right he may have had to participate in the venture (*see generally*, *Hadden v Consolidated Edison Co. of N.Y.*, 45 NY2d 466, 469; *Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 80-81). Concur—Williams, J.P., Mazzarelli, Ellerin, Lerner and Rubin, JJ.