# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

308

CA 15-01450

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

THOMAS D. AYERS, PLAINTIFF,

V                                        MEMORANDUM AND ORDER

SNYDER CORP., DEFENDANT.
(ACTION NO. 1.)
------------------------------------------------------
THOMAS D. AYERS, PLAINTIFF,

V

CENTER FOR TRANSPORTATION EXCELLENCE, LLC AND
SNYDER CORP., DEFENDANTS.
(ACTION NO. 2.)
------------------------------------------------------
INNOVATIVE HEALTH SERVICES OF AMERICA, INC. AND
SNYDER TRANSPORTATION, LLC, DOING BUSINESS AS
FIRST CALL TRANSPORTATION, PLAINTIFFS-RESPONDENTS,

V

THOMAS D. AYERS, DEFENDANT-APPELLANT.
(ACTION NO. 3.)

CHIACCHIA & FLEMING, LLP, HAMBURG (ANDREW P. FLEMING OF COUNSEL), FOR
DEFENDANT-APPELLANT.

PHILLIPS LYTLE LLP, BUFFALO (JOANNA J. CHEN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered April 6, 2015.  The order denied the motion
of defendant Thomas D. Ayers for summary judgment with respect to his
counterclaim in action No. 3.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In action No. 3, defendant appeals from an order
that denied his motion for summary judgment on his counterclaim for
breach of his employment agreement with plaintiff Innovative Health
Services of America, Inc. (IHSA).  Plaintiffs commenced action No. 3
seeking rescission of defendant's employment agreement and asserting
causes of action for breach of fiduciary duty and fraud.  They alleged

that, during the negotiation of defendant's employment agreement, defendant failed to disclose certain misconduct he committed while employed as chief executive officer of plaintiff Snyder Transportation, LLC, doing business as First Call Transportation (First Call).  We conclude that Supreme Court properly denied defendant's motion.

"A contract induced by fraud . . . is subject to rescission, rendering it unenforceable by the culpable party" (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273, 275), e.g., where a party deliberately conceals material information that he or she has a duty to disclose (*see Post v Xerox Corp.*, 163 AD2d 908, 909).  Here, there are issues of fact whether defendant concealed material information concerning his prior misconduct at First Call when negotiating the employment agreement with IHSA.  Because IHSA may thus be entitled to rescission of the agreement, defendant is not at this juncture entitled to summary judgment on his counterclaim seeking the benefits of that agreement.  In light of our conclusion, we do not address defendant's remaining contention.

Entered:  May 6, 2016                          Frances E. Cafarell
                                               Clerk of the Court