■ ALICE P. LEE, Appellant, v RICHARD A. WRIGHT, Respondent. — Order of the Supreme Court, New York County (B. McM. Wright, J.), entered May 23, 1984, which denied plain-

tiff's motion for summary judgment and directed entry of judgment in favor of defendant, is modified, on the law, to vacate the direction of judgment for defendant, and otherwise affirmed, without costs.

On May 1, 1978, plaintiff took occupancy of the subject apartment at Kips Bay Towers with one Henry Leung, pursuant to a lease naming Mr. Leung as the tenant and indicating two occupants. The security deposit and the first month's rent were paid with plaintiff's personal checks. Four months later, Mr. Leung moved out of the apartment, but plaintiff remained.

Although Mr. Leung did not reside in the apartment subsequent to 1978, he apparently executed a lease extension agreement dated January 23, 1980 in his own name, which provided, as did the original lease, for two occupants, and further provided that the apartment was not to be occupied by anyone "other than Tenant and Tenant's immediate family consisting of the above designated number of persons." The lease also contained the standard nonwaiver clause, which provided that even if the landlord failed to insist upon strict performance of any of the lease covenants, such failure shall not be construed as a waiver or relinquishment of such covenant.

On December 18, 1981, the subject premises underwent condominium conversion pursuant to a noneviction plan. Mr. Leung, the tenant of record, did not purchase the apartment and there is no evidence of any attempt by plaintiff to do so. Instead, the apartment was sold in April 1982 to defendant, a physician from Palm Beach, Florida.

On June 18, 1982, defendant served a notice to cure upon Mr. Leung, alleging that he had violated a substantial obligation of his tenancy in that he had permitted persons other than the tenant or his immediate family to use or occupy the premises, or had assigned or sublet his rights to plaintiff without the landlord's permission.

A preliminary injunction tolling the notice to cure was granted, and thereafter plaintiff moved for summary judgment. Special Term denied this motion and, *sua sponte,* granted summary judgment to defendant. This grant of summary judgment to defendant was in error.

An issue of fact was presented on the papers before Special Term as to whether the landlord's acceptance of rent from plaintiff throughout a four-year period, without any effort to terminate the tenancy, waived the landlord's right to object to plaintiff's continual occupancy. Thus, over the four years, 32 separate payments were made to cover rent for that period. All

the payments were made by plaintiff with the exception of one month in 1980, when a rent check and a payment for additional security deposit were returned to her. Mr. Leung submitted checks on these occasions to avoid any problems.

After these two episodes in 1980, the landlord resumed accepting rental payments from plaintiff. Of the 32 payments, 12 were made without any notation whatever. Two payments simply noted "Henry rent." The remaining 17 had the notation "Henry Leung."

An affidavit in opposition to plaintiff's motion stated that the management accepted the plaintiff's rent checks because of the insertion of Mr. Leung's name, believing them to be on his behalf, and the checks without any notation were accepted inadvertently because of the volume of rental collections.

Thus, Special Term was correct in denying plaintiff summary judgment. However, Special Term erred in granting defendant summary judgment. Contrary to its conclusion that the non-waiver clause in the lease precluded any finding of waiver, it has long been the rule that parties may waive a "no-waiver" clause (*see, Atkin's Waste Materials v May,* 34 NY2d 422). Knowing acceptance of rent without any effort to terminate the lease justifies the inference that the landlord has chosen to hold the tenant to the lease and therefore waived any violation (*see, Jefpaul Garage Corp. v Presbyterian Hosp.,* 61 NY2d 442, 448).

Special Term's reliance upon *Zuckerman v 33072 Owners Corp.* (97 AD2d 736) was misplaced. In that case, this court found that "the equivocal acts of respondent's managing agent in cashing appellants' maintenance checks during the period of the unauthorized sublease renewal, despite instructions from respondent not to cash them, do not constitute a waiver, especially in light of the fact that the money was promptly returned to appellants upon discovery of the error" (*supra,* at pp 737-738).

On the facts set forth herein which differ, plaintiff may prove conduct on the part of defendant's predecessor showing an intent to waive (*see,* 22 NY Jur 2d, Contracts, § 330, at 212). Concur — Sullivan, J. P., Asch, Milonas and Kassal, JJ.