Second Department, August, 1987

(August 3, 1987)

■ Bethpage Theatre Co., Inc., Plaintiff, v Joseph Shekel, Respondent, and Turnpike Films, Inc., Appellant.—In an action for a judgment declaring the rights and obligations of the parties under a lease, the defendant Turnpike Films, Inc. (hereinafter Turnpike) appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered October 30, 1986, as granted that branch of the defendant Joseph Shekel's motion which was for summary judgment on his first cross claim and declared that the operation of a videotape rental business during the hours that the demised premises are used

for public entertainment violates article 29 of the lease and permanently enjoined Turnpike from operating the rental business during those hours.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the defendant Shekel's motion which was for summary judgment on his first cross claim is denied, and the matter is remitted to the Supreme Court, Nassau County, for a trial in accordance herewith.

Article 29 of the lease is restrictive and prohibits the use of the premises for purposes other than a theatre during the hours in which the premises are used for public entertainment. It was undisputed that Turnpike, the subtenant under the lease, was using the premises as a video rental store during these hours. As the rental of videotapes is not incidental to the use of the premises as a movie theatre, the court properly found that Turnpike was in violation of article 29 of the lease (see, Dennis & Jimmy's Food Corp. v Milton Co., 99 AD2d 477, affd 62 NY2d 613).

We are in agreement with the court that Shekel did not waive his objection to the use of the premises for the sale of videotapes during performance hours by accepting rent, as the lease contained a clear and unambiguous "no waiver" clause which he has a right to enforce (see, Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442; Dennis & Jimmy's Food Corp. v Milton Co., supra). However, issues of fact exist as to whether Shekel should be equitably estopped from asserting his rights under article 29 of the lease (see, Rose v Spa Realty Assocs., 42 NY2d 338). It is alleged by Turnpike that it expended large sums of money on its video rental business with Shekel's knowledge and in reliance upon acts by Shekel indicating that the rental during performance hours was a permissible use under the lease. These facts if proven could lead to the finding of estoppel, and, thus, a trial is required on this issue. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.