■ P & D CARDS AND GIFTS, INC., Respondent, v STANLEY MATEJKA et al., Appellants.—In an action, *inter alia,* for a judgment declaring the rights of the parties with respect to a commercial lease executed by the plaintiff's predecessor in interest, as tenant, and the defendants, as landlords, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Zelman, J.), dated April 22, 1988, as granted the plaintiff's motion for

summary judgment and declared that the defendants are estopped from asserting the nonpayment of a security deposit as a ground for terminating the lease.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants are the owners of a premises in Bayside, New York. In January 1982 the defendants entered into a written 10-year lease with the then tenant Stepet Card and Gift Shop, Inc. (hereinafter Stepet) which provided, in pertinent part:

"The tenant has this day deposited with the Landlord the sum of $1,500 as security for the full and faithful performance by the Tenant of all of the terms, covenants and conditions of this lease upon the Tenant's part to be performed, which said sum shall be returned to the Tenant after the time fixed as the expiration of the term herein, provided the Tenant has fully and faithfully carried out all of said terms, covenants and conditions on Tenant's part to be performed * * *.

"Notwithstanding anything to the contrary contained herein, Tenant may assign this lease, without Landlord's consent, on the following conditions * * *.

"That there be deposited with the Landlord, as additional security under said lease, the sum of $2,000.00, to be held by the Landlord".

In January 1983 Stepet commenced an action against the defendants in the Supreme Court, Queens County, for a declaration that the subject lease was a valid written lease. This action resulted in a judgment dated September 14, 1983, in favor of Stepet which declared that there is a valid written lease in existence between the plaintiff and the defendants. This determination was affirmed by this court (see, Stepet Card & Gift Shop v Matejka, 106 AD2d 565, lv denied 65 NY2d 608).

On May 22, 1984, Stepet sold its business to the plaintiff, and executed an assignment of the lease to the plaintiff. Stepet also paid the $2,000 additional security due upon an assignment of the lease. A copy of the assignment was furnished to the defendants, which assignment, on its face, recited that the $1,500 original security deposit had been assigned to the plaintiff.

On December 15, 1986, the defendants wrote to the plaintiff advising them for the first time that the original $1,500 rent security provided for in the January 1982 lease had not been paid. One year later, on December 31, 1987, the defendants

served a notice to terminate the lease on the grounds that (1) the plaintiff failed to deposit the original $1,500 in rent security, and (2) the plaintiff failed to procure and deliver a liability insurance policy naming the defendants as additional insureds. Upon receiving the notice, the plaintiff immediately commenced, *inter alia,* this action for a judgment declaring that the defendants were estopped from claiming that they did not receive the $1,500 rent security, and that the insurance binder annexed to the complaint complies with the tenant's obligation under the lease. The Supreme Court granted the plaintiff's motion for summary judgment and held that "the defendants were estopped from claiming that the tenant failed to deposit the security of $1500 under ¶ 15 of the lease dated January 1982". This appeal by the defendants ensued.

A review of the record reveals that the plaintiff failed to establish whether the issue here, namely, whether the $1,500 security deposit had been made, was considered in the prior action. Thus, on this record, we cannot determine, as a matter of law, that the doctrine of collateral estoppel would preclude the defendants from litigating that issue in this lawsuit *(see, Matter of Halyalkar v Board of Regents,* 72 NY2d 261; *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65).

Nevertheless, summary judgment in favor of the plaintiff precluding the defendants from terminating the lease was properly granted. A waiver is the voluntary abandonment or relinquishment of a known right, which, except for such waiver, the party would have enjoyed *(see, Davison v Klaess,* 280 NY 252; *Waldman v Cohen,* 125 AD2d 116; 57 NY Jur 2d, Estoppel, Ratification and Waiver, § 74). A waiver may not be inferred by the acceptance of rent where the parties have expressly agreed otherwise *(Jefpaul Garage v Presbyterian Hosp.,* 61 NY2d 442, 446 [a clause in a lease specifically providing that acceptance of rent would not be a waiver should be enforced]). In this case, however, the lease contained a different nonwaiver clause which did not refer to the acceptance of rent. Thus, the receipt and acceptance of the $2,000 additional security in 1984 and the acceptance of rent from the plaintiff from May 1984 to December 1987, a period of over 40 months, without any prior effort to terminate the lease, constituted a waiver by the defendants of their right to terminate the lease based on the alleged failure to pay the security. As stated in *Lee v Wright* (108 AD2d 678, 680): "Knowing acceptance of rent without any effort to terminate the lease justifies the inference that the landlord has chosen

to hold the tenant to the lease and therefore waived any violation" *(see also, Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442, 448, supra).*

We have examined the remaining contentions of both parties and find them either unpreserved for our review or without merit. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.