UNITED STATES of America, Plaintiff,

v.

ONE 1986 VOLVO 750T, VIN #
YV1GX8748G1015250,
Defendant-in-rem.

No. 89 Civ. 5327.

United States District Court,
S.D. New York.

May 23, 1991.

Sarah Thomas–Gonzalez, Asst. U.S. Atty., for plaintiff.

Richard B. Lind, New York City, for defendant-in-rem.

Melanie R. Bennett, Citibank, Litigation Dept., Long Island City, for claimant Citibank.

## OPINION AND ORDER

KIMBA M. WOOD, District Judge.

1. The court notes that on July 20, 1990 it requested briefing on this issue from all the par-

the reasons set forth below, the court grants the government's motion.

## Background

The defendant-in-rem car ("the car") is owned by claimant Citibank and was leased through Sheffield Commercial Credit corporation to claimant Smith in August 1986. From August 1986 through June 1989 Ms. Smith made payments pursuant to her leasing agreement.

Claimant Smith is the mother of Timothy Smith, who was arrested for narcotics trafficking in February 1982. Mr. Smith was in possession of the car at the time of his arrest. The Drug Enforcement Administration ("the DEA") seized the car at that time and later turned the car over to Citibank. Ms. Smith subsequently succeeded in compelling Citibank to return the car to her in April 1987. In April 1988, Timothy Smith was arrested on federal drug charges and the car was seized a second time by the government.

In August 1989 the Government commenced this action for forfeiture of the car pursuant to 21 U.S.C. § 881(a)(4). Shortly thereafter, Ms. Smith filed a verified claim, contesting the government's right to the car. Prior to claimant Smith's filing of a claim, Citibank exercised its right under paragraph 28A of the lease to terminate the agreement with Ms. Smith. The bank advised Ms. Smith of this termination by written notice dated August 16, 1989 and then again, by notice dated October 5, 1989.

## Discussion

■ A forfeiture proceeding is an in rem proceeding brought against seized property based on the legal fiction that the property itself is guilty of facilitating the crime. *See Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 680–84, 94 S.Ct. 2080, 2090–92, 40 L.Ed.2d 452 (1974). In order to contest a forfeiture action, an individual must first demonstrate an interest in the seized property sufficient to satisfy the court of her standing as claimant. Standing is a threshold issue; if the claimant lacks standing, the court lacks

jurisdiction to consider her challenge of the forfeiture. *Mercado v. United States Customs Service*, 873 F.2d 641, 644 (2d Cir. 1989). In forfeiture actions, the burden rests on the claimant to establish standing. *Id.* Moreover, standing must exist at all stages of a proceeding and not merely when the proceeding is initiated. *Safir v. Dole*, 718 F.2d 475 (D.C.Cir.1983).

The parties do not address the question of whether a leasehold interest in property confers sufficient interest in it to allow a leasee standing to contest a forfeiture. Courts have held that the term "owner" should be broadly construed to include any recognizable legal or equitable interest in the property seized. *See Mercado*, 873 F.2d at 845; *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538 (11th Cir. 1987). Although it is likely in the circumstances of this case that a leasee has standing to contest a forfeiture, the court need not reach the issue.

Here, Citibank (and presumably the government as well) argues that because Citibank terminated the lease, pursuant to its explicit provisions, whatever standing Ms. Smith may have had to contest the forfeiture no longer exists. There are two lease provisions arguably relevant to this case under which Citibank could terminate the lease: a seizure provision, allowing for termination by Citibank in the event of a seizure of the car by the government; and a default provision, allowing for automatic termination without written notice in the event of a default in lease payments. Ms. Smith argues first that Citibank could not terminate the lease under the seizure provision because it never gave Ms. Smith written notice. With respect to the default provision, Ms. Smith argues that Citibank waived its right to terminate the lease by accepting monthly payments even after the government had seized the car. In addition, she now offers to make good on her back payments under the lease, implying that this payment will cure any breach of the lease agreement. Citibank counters that the lease contains a "no waiver"

ties. To this date, the government has not sub-

mitted a brief in this case.

clause which provides that Citibank's delay in enforcing its rights under the agreement does not constitute a waiver of those rights.

■■■ The court looks to state law to determine whether the lease is valid and thus whether Ms. Smith has a property interest in the car sufficient to give her standing in this suit. *See United States v. Certain Real Property Located at 2525 Leroy Lane, West Bloomfield, Michigan,* 910 F.2d 343, 347 (6th Cir.1990). The default provision of the lease states that "this lease terminates automatically, without notice, at [the lessor's] option upon the occurrence of any of the following events which shall constitute a default under this lease: failure to pay as and when due, any monthly rent payment or other sum provided under this lease to be paid to you." Exh. A to Aff. of Vincent Lawrence. Ms. Smith made, and Citibank accepted, lease payments from August 1986 through June 1989. There is no evidence that Citibank made any effort to terminate the lease during this period. Ms. Smith ceased making payments after June 1989; her failure to abide by the provisions of the lease placed her in default. Enforcing its rights under the lease, Citibank advised Ms. Smith in August 1989, and again in October, that she was in default and owed the full balance due under the lease. Once Ms. Smith defaulted and Citibank exercised its option to terminate the lease, the lease terminated. No further action by either party was required to terminate the lease.

■ Nor did Citibank waive its rights to proceed under the default provision of the lease. Under New York law, a lessor has a right to enforce a clear and unambiguous "no waiver" clause in a lease. *Bethpage Theatre Co. v. Shekel,* 133 A.D.2d 62, 518 N.Y.S.2d 408 (2d Dep't 1987). Nonetheless, a party to a lease may waive a no waiver clause in a lease under certain circumstances. *Lee v. Wright,* 108 A.D.2d 678, 485 N.Y.S.2d 543, 544 (1st Dep't 1985). Thus, knowing acceptance of payments on the part of the lessor without any effort to terminate the lease may justify an infer-

ence that the lessor has waived any violation of the lease by the leasee. *Id.*

No such knowing acceptance of payments on Citibank's part took place in this case. At the first opportunity after Ms. Smith failed to make timely payments in accordance with the agreement, Citibank exercised its option to terminate the lease. There is nothing to suggest that Citibank accepted payments *after* the default notice, evidence that would suggest a waiver of the default provision of the lease. To the extent that Ms. Smith's leasehold interest in the car may have conferred standing upon her, the termination of the lease extinguished that standing. It is immaterial that she now offers to pay the back payments due under the lease. *See* Lind Aff. at ¶ 9.

Ms. Smith's arguments regarding the seizure clause of the lease are equally unconvincing. First, contrary to what Ms. Smith suggests, the lease does not require Citibank to give written notice prior to proceeding under the seizure provision. Secondly, Ms. Smith contends that having accepted payments for 15 months after the date of seizure, Citibank cannot now seek to terminate the lease based on the seizure. The problem with the argument is that there is no evidence showing that Citibank terminated the lease under the seizure provision. The bank based its action on Ms. Smith's failure to keep current in her payments. There is no mention made of the government's seizure of the car in either of the two default letters Citibank sent to Ms. Smith.

In this case, Ms. Smith has the burden of showing that the lease remained valid because Citibank allegedly waived its right to terminate the lease. She has not met this burden, and thus has no possessory interest in the car sufficient to allow her to challenge the government's forfeiture.

### Conclusion

For the reasons set forth above, the claim of Emma Smith is hereby dismissed for lack of standing. The government is hereby directed to provide the court with a status report within ten days of the is-

suance of this opinion setting forth a schedule for the prompt resolution of this case.

SO ORDERED.