■ PETER HOFFMAN, Respondent, v 345 EAST 73 STREET OWNERS CORP. et al., Appellants.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered September 5, 1991, which granted, *inter alia,* plaintiff's application for a preliminary injunction restraining defendants from interfering with his occupancy of the subject cooperative apartment and from interfering with or preventing access to said apartment by guests of plaintiff's choosing, and which denied defendants' cross-motion for summary judgment dismissing the complaint or, in the alternative, for an order enjoining plaintiff, pending the determination of this action, from permitting any person not enumerated in paragraph 14 of the proprietary lease to occupy his apartment unless such occupancy is consented to in writing, unanimously reversed, on the law, the motion denied and the cross-motion granted to the extent of dismissing the complaint, without costs. The

Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

In this action for a declaratory judgment, plaintiff seeks monetary damages in the amount of $50,000 together with injunctive relief to prevent defendants from interfering with his use of his cooperative apartment to accommodate transient boarders who, in the words of the complaint, "contribute to the expenses for the maintenance, debt service and upkeep of said apartment." Plaintiff concedes that he has engaged in the practice of providing bed and breakfast accommodations since 1987.

With respect to the use to which the premises may be put, the proprietary lease provides: "The Lessee shall not, without the written consent of the Lessor on such conditions as Lessor may prescribe * * * occupy or use the apartment or permit the same or any part thereof to be occupied or used for any purpose other than as a private dwelling for the Lessee and Lessee's spouse, their children, grandchildren, parents, grandparents, brothers and sisters and domestic employees, and in no event shall more than one married couple occupy the apartment without the written consent of the Lessor. Also, the apartment may be occupied from time to time by guests of the Lessee for a period of time not exceeding one month, unless a longer period is approved in writing by the Lessor, but no guests may occupy the apartment unless one or more of the permitted adult residents are then in occupancy or unless consented to in writing by the Lessor".

Contrary to plaintiff's contentions, this language, which encompasses occupancy by members of the lessee's household and occasional guests, does not extend to business invitees whose occupancy can fairly be characterized as both transient and commercial. The reference to occupancy by "guests of the Lessee" does not contemplate persons who pay a fee to the proprietary lessee to temporarily reside in the premises as licensees.

Plaintiff's reliance on *Baddour v City of Long Beach* (279 NY 167, *rearg denied* 279 NY 794, *appeal dismissed* 308 US 503), in which the Court of Appeals upheld the occasional and incidental use of a private residence to keep one or more boarders, is misplaced. The use to which an owner in fee simple absolute may put his house has little bearing on that to which the owner of shares in a cooperative corporation, whose residency is governed by the terms of a proprietary lease, may put his apartment *(see, Matter of Levandusky v One*

*Fifth Ave. Apt. Corp.*, 75 NY2d 530). Having chosen the cooperative form of ownership, plaintiff is bound to abide by the rules and regulations governing its operation *(see, Weisner v 791 Park Ave. Corp.*, 6 NY2d 426, 434; *Penthouse Props. v 1158 Fifth Ave.*, 256 App Div 685, 691). Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.