OPINION OF THE COURT
Per Curiam.
Final judgment dated November 4, 1992 affirmed, with $25 costs.
In determining the enforceability of petitioner’s house rule regarding the installation of washing machines and dryers in individual cooperators’ apartments, Civil Court properly applied the business judgment rule as adopted by the Court of Appeals in Matter of Levandusky v One Fifth Ave. Apt. Corp. (75 NY2d 530). As there stated, "[s]o long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith * * * judicial review is not available” (supra, at 538). Respondents herein failed to establish bad faith on the part of the cooperative or that its action had "no legitimate relationship to the welfare of the cooperative” (Matter of Levandusky v One Fifth Ave. Apt. Corp., supra, at 540). To the contrary, the record supports a finding that the rule was promulgated because of concerns that the installation of numerous washer/dryers would adversely impact upon the building’s plumbing and electrical systems, as confirmed by the testimony of petitioner’s electrical engineer. Nor was there any showing of selective enforcement of the house rule. The overwhelming majority of cooperators do not maintain the appliances at issue, and the respondents in these proceedings comprise those few lessees who are in violation of the cooperative’s expressed policy.
We further agree that the defense of waiver is unavailing under the circumstances presented. As noted by Civil *32 Court, the proprietary leases contain a comprehensive no-waiver clause and the house rules in question require tenant owners to request exceptions by written petition to the cooperative. Respondents can point to no writing where authorization for the installation of washer/dryers was granted. Indeed, many of the respondents expressly acknowledged in writing that "Installation of laundry machines and laundry dryers are not permitted under any circumstances and I agree I will not install same. If a laundry machine does exist, I agree to remove same prior to occupancy of the apartment”. The fact that respondents were permitted to maintain their appliances with the apparent knowledge of various building employees did not preclude petitioner’s board of directors from establishing and enforcing a specific house rule addressed to this subject. Pursuant to the proprietary leases, the board at any time could "alter, amend and repeal” the house rules, and it cannot be reasonably argued that respondents had somehow acquired vested rights in the continued maintenance of these machines. "Having chosen the cooperative form of ownership [respondents are] bound to abide by the rules and regulations governing its operation” (Hoffman v 343 E. 73rd St. Owners Corp., 186 AD2d 507, 509).