*193 OPINION OF THE COURT
Donald N. Silverman, J.
Motion by defendants pursuant to CPLR 3212 for summary judgment dismissing the complaint, or in the alternative, dismissing that part of the first cause of action premised on mental anguish and dismissing those portions of the second and third causes of action which seek punitive damages. Plaintiff cross-moves for summary judgment on her first cause of action.
Essentially, the individual defendants, as members comprising the board of directors of the defendant cooperative housing corporation, refused to approve the sale-assignment of those shares of the cooperative representing the apartment of plaintiff. The reasons for denying the sale were: (a) the sales price was less than a cooperative wide floor price recently adopted by the board; and (b) dissatisfaction with the demeanor of the prospective purchaser. The court notes that the instant fact pattern presents a case of first impression with respect to restricting the alienation of cooperative housing corporation shares by means of imposing a floor price.
Plaintiff alleges the denial, and the prior resolution whereby the board adopted a floor price as a basis for denial, were acts of bad faith on the part of the cooperative. A finding of bad faith on the part of the board would be significant because it would open the board to liability despite the business judgment rule as applied in Matter of Levandusky v One Fifth Ave. Apt. Corp. (75 NY2d 530, 537 [1990]).
Here, in early 1992, defendants caused an appraisal to be done for the one- and two-bedroom apartments in the 160-unit complex. Only two apartments were actually appraised. The results were held to apply to all other similar apartments. On the basis of that appraisal and allegedly in order to protect the value of the cooperative in a declining market, on March 10, 1992, the board adopted a resolution whereby approval would be withheld for contract amounts more than 10% below the appraisal based value of the apartment. Plaintiff’s contract called for a sales price of $37,500, however, the applicable floor price was $49,000. Following an interview of the prospective purchaser, the proposed sale by plaintiff was denied June 17, 1992. This action subsequently ensued.
In effect, plaintiff seeks a declaration that the March 10, 1992 resolution was in bad faith and a consequent finding that the June 17, 1992 denial was therefore done in bad faith. *194 Plaintiff points out that the March 10, 1992 resolution was never publicized to the cooperative membership, that the appraised valuation was based on only two out of 160 units, and that the intent of the board was to manipulate the sales price of the cooperative stock. Moreover, plaintiff alleges in her affidavit in opposition to the motion that based on a prelitigation conversation with Betty Suhr, a member of the board, defendants were prepared to approve sham contracts that reflected a higher price but were actually for less. This is in direct contrast to the deposition testimony of defendant Betty Suhr.
The decisions of a cooperative board are largely insulated from judicial review under the business judgment rule enunciated in Levandusky (supra). However, the rule is not absolute and a court may find it has a basis for review where the alleged acts are beyond the authority of the board, done in bad faith, or are discriminatory (see, Levandusky v One Fifth Ave. Apt. Corp., supra, at 538; see also, Milliken v Hatfield, NYLJ, July 19, 1993, at 23, col 6 [Sup Ct, NY County]). Such a determination is a threshold issue. Here, although there are two distinct reasons given by the board for having denied the transfer, a finding that one of these reasons is open to question would serve to open the entire matter to review.
With respect to the floor price resolution the following issues are raised. First, whether as a matter of law a cooperative housing corporation has the power to restrict the transfer of shares by imposing an absolute floor price. Second, presuming the first issue is answered in the affirmative, whether as a matter of law the defendants had the authority to adopt the floor price resolution in this case. In the event the first or second issues are answered in the negative, then the defendants may be considered to have acted outside the scope of their authority.
Cooperative corporations are a special form of ownership of real property. It is well-accepted law that corporate shares may be reasonably restrained in terms of their alienability (see, Penthouse Props, v 1158 Fifth Ave., 256 App Div 685, 690-691 [1st Dept 1939]; Allen v Biltmore Tissue Corp., 2 NY2d 534, 541, 542 [1957]; Chemical Bank v 635 Park Ave. Corp., 155 Misc 2d 433, 437 [Sup Ct, NY County 1992]). However, such restraint upon the sale of cooperative shares is not an unlimited power on the part of the cooperative. "[W]hat the law condemns is, not a restriction on transfer, a provision merely postponing sale during the option period, but an *195 effective prohibition against transferability itself.” (Allen v Biltmore Tissue Corp., supra, at 542.)
Here, the restraint is dependent upon real estate market forces that are beyond the control of either party. While this may merely postpone the sale of the shares pending an upturn in the market, the restraint constitutes an open-ended and potentially long-lasting prohibition. This court finds that the floor price resolution, as adopted, is a prohibition of transfer and is an unreasonable restraint of alienation. Accordingly, the first issue is answered in the negative.
Although this serves to resolve the instant motion, the court notes that even had the first issue been answered in the affirmative, the second issue would also have been determined against defendants. With respect to the second issue, the proper exercise of authority, the court notes that there is no indication that defendants acted in accordance with their actual authority. A cooperative board of directors may only act upon the authority which they are given. That authority may be found by looking to the bylaws of the corporation, the proprietary lease, and the certificate of incorporation (see, Fe Bland v Two Trees Mgt. Co., 66 NY2d 556, 563 [1985]; see also, Ludwig v 25 Plaza Tenants Corp., 184 AD2d 623, 624, 625 [2d Dept 1992]; Cannon Point N. v Abeles, 160 Misc 2d 30, 33 [App Term, 1st Dept 1993]).
Here, defendants are not granted by language expressed, or implied, authority to impose these restraints. In addition, there is no evidence that the shareholders of the corporation were ever given prior notice of this resolution and an opportunity to vote on this significant restriction affecting the stock of the corporation (see, Smukler v 12 Lofts Realty, 178 AD2d 125 [1st Dept 1991] [lack of proper notice may serve to undercut the actions of a board]).
With respect to the denial based on the demeanor of the purchaser, the board may arguably be said to have been acting within its authority. This presents a question of fact, given plaintiff’s allegations of bad faith and discriminatory treatment and defendants’ denial of these allegations (see, Milliken v Hatfield, supra; see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]).
Accordingly, defendants’ motion to dismiss the complaint is denied. The cross motion for summary judgment on the first cause of action for breach of the proprietary lease is denied as questions of fact exist. With respect to the damages sought by *196 plaintiff on the first cause of action, the claim for mental anguish is denied (see, Fleming v Allstate Ins. Co., 106 AD2d 426 [2d Dept 1984]). Since the claims for punitive damages are based on the second and third causes of action, and plaintiff has elected to cross-move for summary judgment only on the first cause of action, this is not an issue for determination. In any event, punitive damages are generally not permitted in an action for breach of contract (see, Garrity v Lyle Stuart, Inc., 40 NY2d 354, 358 [1976]; Rocanova v Equitable Life Assur. Socy., 83 NY2d 603, 613 [1994]).
In accordance with the directives of this court at a prior trial readiness conference a trial readiness order is hereby being issued to plaintiff’s attorney, who is directed to file same along with the note of issue within 20 days of entry of this order.