■ STEVEN DICE et al., Respondents, v INWOOD HILLS CONDO-MINIUM et al., Appellants, et al., Defendant. [655 NYS2d 562] —In

an action, *inter alia*, for a judgment declaring that a regulation of the defendants Inwood Hills Condominium and the Board of Managers of Inwood Hills Condominium prohibiting the ownership of pets is of no force and effect, the defendants Inwood Hills Condominium and the Board of Managers of Inwood Hills Condominium appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated September 29, 1995, as denied their cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"[W]aiver is the voluntary abandonment or relinquishment of a known right, which, except for such waiver, the party would have enjoyed" (*P & D Cards & Gifts v Matejka*, 150 AD2d 660, 662). Waiver "may be accomplished by express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage" (*Hadden v Consolidated Edison Co.*, 45 NY2d 466, 469) and is generally a question of fact (*see, Jefpaul Garage Corp. v Presbyterian Hosp.*, 61 NY2d 442, 446). Moreover, the existence of a nonwaiver clause does not in itself preclude waiver of a contract clause (*see, TSS-Seedman's, Inc. v Elota Realty Co.*, 72 NY2d 1024; *P & D Cards & Gifts v Matejka, supra; Lee v Wright*, 108 AD2d 678). Accordingly, we disagree with the appellants' contention that the existence of a general nonwaiver clause in the condominium by-laws in and of itself precludes waiver of the right to enforce a provision of the by-laws or the rules and regulations.

Moreover, questions of fact exist as to whether the appellant Board of Managers of Inwood Hills Condominium failed to enforce the no-pets provision of the rules and regulations, and whether the Board made representations to the plaintiffs that the no-pets provision was not enforced, thereby waiving its right to enforce a no-pet rule against the plaintiffs. Thompson, J. P., Florio, McGinity and Luciano, JJ., concur.