■ SALVATORE BONO et al., Appellants, v BENEDETTO CUCINELLA et al., Respondents. [748 NYS2d 610] —In an action to recover amounts due under a mortgage brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered January 12, 2001, which, after a nonjury trial, dismissed the action.

Ordered that the judgment is affirmed, with costs.

Salvatore Bono and Linda Bono, administrators of the Estate of Antonio Bono (hereinafter the Estate) commenced this action to recover amounts due under a mortgage. The defendants asserted the affirmative defense of waiver, arguing that the Estate had orally agreed to take back the property in satisfaction of the mortgage debt. At trial, the defendants established that the Estate had made admissions indicating that the mortgage debt had been satisfied. These admissions include the Estate's accounting submitted to the Surrogate's Court which specifically stated that the property had been returned to the estate in satisfaction of the mortgage debt.

The Supreme Court dismissed the action on two grounds. First, the court held that the plaintiffs were judicially estopped from maintaining the action against the defendants because of the inconsistent position taken before the Surrogate's Court. Second, the court held that the defendants made a prima facie showing of their affirmative defense of waiver, which was unrebutted by the plaintiffs. We affirm, but only on the basis of waiver.

Contrary to the conclusion of the Supreme Court, the doctrine of judicial estoppel does not bar this action. The doctrine of judicial estoppel precludes a party from framing his pleadings in a manner inconsistent with a position taken in a prior judicial proceeding. However, the doctrine will be applied only "where a party to an action has secured a judgment in his or her favor by adopting a certain position and then has sought to assume a contrary position in another action simply because his [or her] interests have changed" (*Kimco of N.Y. v Devon,* 163 AD2d 573, 574 [internal quotation marks omitted]). No judgment or decree was secured in the Surrogate's Court proceeding. Therefore judicial estoppel is inapplicable and cannot form a basis for dismissal of the action (*see Meyers v Geller,* 194 AD2d 595).

However, we agree that the defendants succeeded in establishing their affirmative defense of waiver. The defendants made a prima facie showing of their affirmative defense—that the Estate waived the mortgage debt—based on certain admissions made during the course of the Surrogate's Court proceeding. Moreover, the Supreme Court properly discredited the testimony of the plaintiff Salvatore Bono, which was offered in opposition to the defendant's affirmative defense of waiver. It is well settled that "waiver is the voluntary abandonment or relinquishment of a known right, which, except for such waiver, the party would have enjoyed" (*Dice v Inwood Hills Condominium,* 237 AD2d 403, 404 [internal quotation marks omitted]). Waiver "may be accomplished by express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage" (*Hadden v Consolidated Edison Co. of N.Y.,* 45 NY2d 466, 469). Furthermore, the question of whether waiver has occurred is generally a question left to the finder of fact (*see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.,* 61 NY2d 442).

Further the evidence of the waiver of the mortgage debt is not barred by the statute of frauds. "[O]ral agreements that violate the Statute of Frauds are nonetheless enforceable where the party to be charged admits having entered into the contract" (*Matisoff v Dobi,* 90 NY2d 127, 134). Here, the record contains numerous admissions that the defendants were released from their mortgage indebtedness. In particular, the Estate's accounting before the Surrogate's Court specifically stated that the property had been returned to the Estate in satisfaction of the mortgage debt. Moreover, evidence of the waiver of the mortgage debt is not barred by the parol evidence rule where, as here, the oral agreement has been acted upon to

completion (*see Rose v Spa Realty Assoc.,* 42 NY2d 338). S. Miller, J.P., Krausman, Goldstein and Rivera, JJ., concur.