*106 OPINION OF THE COURT
Per Curiam.
Order entered November 9, 2001 modified by denying tenants’ cross motion for summary judgment; as modified, order affirmed, without costs.
Petitioner, a cooperative corporation, seeks possession for tenants’ violation of the house rule prohibiting the use of clothes washing machines within individual apartments. Pursuant to the proprietary lease, a breach of the house rules is deemed a default under the lease. Tenants assert that they have maintained a washing machine since at least 1988, when the building was converted to cooperative ownership. Upon respective motions for summary judgment, Civil Court determined that petitioner waived its right to contest the use of the washer.
The parties’ lease contains a standard provision that receipt of rent with knowledge of a breach of any covenant shall not be deemed a waiver, and that no waiver shall be effective unless in a writing expressly approved by the directors. While the existence of a nonwaiver clause does not in itself preclude a finding of waiver (see, Dice v Inwood Hills Condominium, 237 AD2d 403 [1997]), the intent to waive is generally a question of fact which must be proved (see, Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442, 448 [1984]). The claim that on unspecified occasions a former superintendent presumably observed the washing machine in the apartment while performing repairs does not establish a waiver as a matter of law (cf., Seward Park Hous. Corp. v Cohen, 287 AD2d 157, 163-166 [2001] [finding of waiver after trial under remedial city ordinance imputing knowledge of building employees to the owner]). Petitioner’s president asserts that no other tenant-shareholders possess or use clothes washing machines. On this record, questions of fact exist as to whether the board may be said to have waived enforcement of the house rule (see, Dice v Inwood Hills, supra).
Landlord’s reliance upon our decision in Cannon Point N. v Abeles (160 Misc 2d 30 [1993]) as warranting summary judgment in its favor is misplaced, as in that case the board promptly moved to enforce a new house rule.
Suarez, P.J., McCooe and Schoenfeld, JJ., concur.