■ Kimberly A. Bolis, Respondent, v Michael A. Fitzpatrick, Jr., et al., Appellants. (Appeal No. 1.) [825 NYS2d 398]—Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 31, 2005 in a personal injury action. The order, inter alia, granted plaintiff's motion to set aside the verdict awarding damages for past and future pain and suffering and to increase those awards to $30,000 and $50,000, respectively, and granted that part of defendants' motion seeking to reduce the award of damages for past medical expenses.

■ Kimberly A. Bolis, Respondent, v Michael A. Fitzpatrick, Jr., Appellant. (Appeal No. 2.) [827 NYS2d 801]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered June 3, 2005 in a personal injury action. The judgment was entered, upon a jury verdict, in favor of plaintiff in the amount of $37,833.89.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the amount of the award of damages for past medical expenses to $15,903.42 and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries she sustained in a motor vehicle accident. The parties signed a stipulation (Stipulation) agreeing to resolve the action by summary jury trial. According to the terms of the Stipulation, the parties agreed that their rights to move to set aside the verdict, or to appeal, would be limited to instances where the rights of the party were prejudiced by, inter alia, misconduct in procuring the award or an error of law that occurred during the course of the trial. After the jury awarded plaintiff the stipulated amount of $19,124.61 for past medical expenses, $10,000 for past pain and suffering, $5,000 for future pain and suffering, and nothing for lost earnings, both plaintiff and defendants moved to set aside the verdict in part.

Plaintiff moved to set aside the verdict awarding damages for past and future pain and suffering and to increase those awards to $30,000 and $50,000, respectively, on the grounds that those awards were "unjustified," "inadequate," "unreasonable, arbitrary and against the weight of the evidence." Alternatively, plaintiff sought a new trial on those elements of damages. Defendants opposed the motion, contending that the Stipulation did not authorize the motion on the grounds relied upon by plaintiff. Defendants then moved to set aside the verdict awarding damages for past medical expenses on the ground that those expenses did not exceed basic economic loss (see Insurance Law § 5102 [a]; § 5104 [a]). Alternatively, defendants sought to reduce the amount of the award of damages for past medical expenses by the amount plaintiff received from collateral sources, conceded by plaintiff to be $3,221.19.

Based on its conclusion that the parties had waived enforcement of the Stipulation by their respective motions and by "cir-

cumstance[s]," Supreme Court granted plaintiff's motion, increasing the awards for past pain and suffering and future pain and suffering to $30,000 and $50,000, respectively. The court also granted that part of defendants' motion seeking to reduce the award for past medical expenses by the amount plaintiff had received from a collateral source. The judgment, however, was entered in the amount awarded by the jury. Defendants appeal from the order (appeal No. 1) and judgment (appeal No. 2).

Contrary to plaintiff's contention, the Stipulation does not bar defendants' appeals inasmuch as the grounds for the appeals fall within an exception set forth in the Stipulation: to wit, "an error of law that occurred during the course of the trial." With respect to the merits of defendants' appeals, we first conclude that the court erred in granting plaintiff's motion. The court erred in concluding that defendants had, by their motion to set aside the verdict, waived their right to enforce the Stipulation. " '[W]aiver is the voluntary abandonment or relinquishment of a known right, which, except for such waiver, the party would have enjoyed.' Waiver 'may be accomplished by express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage' " (*Dice v Inwood Hills Condominium*, 237 AD2d 403, 404 [1997] [citation omitted]; *see Hadden v Consolidated Edison Co. of N.Y.*, 45 NY2d 466, 469 [1978]; *Bono v Cucinella*, 298 AD2d 483, 484 [2002]). Contrary to the conclusion of the court, defendants' motion did not indicate an intent to waive enforcement of the Stipulation but, rather, was made in accordance with the terms of the Stipulation. Plaintiff's motion, however, was barred by the terms of the Stipulation, and the court therefore erred in granting it. We therefore modify the order accordingly.

Second, we conclude that the court properly denied that part of defendants' motion seeking to set aside the entire award for past medical expenses. Under the circumstances of this case, we construe defendants' stipulation to the amount of medical expenses and failure to object to the submission of that item of damages to the jury as a waiver of the contention that medical expenses constituting basic economic loss could not be recovered. Third, we conclude that the court properly granted that part of defendants' motion seeking a reduction in the amount of the award of damages for past medical expenses to take into account the amount plaintiff received from collateral sources. We therefore modify the judgment accordingly. Present—Hurlbutt, A.P.J., Martoche, Centra and Pine, JJ.