Lauren Pepin, Respondent,
against
Stephen DiBrienza, Esq., Appellant, and The Law Office of Daniel G. Newman, Olga Onishchuk, Esq., JMKBK, LLC, et al., Undertenants.




Grimble & Loguidice, LLC (Robert Grimble, Esq.), for appellant.
Law Offices of Santo Golino (Louis Marinos, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Carolyn E. Wade, J.), dated July 16, 2014. The order, insofar as appealed from, denied so much of a motion for summary judgment dismissing the petition as was made by tenant, Stephen DiBrienza, Esq., and granted the branches of landlord's cross motion seeking summary judgment dismissing the first affirmative defense, insofar as it was asserted by tenant, Stephen DiBrienza, Esq., and on so much of the petition as was against tenant, Stephen DiBrienza, Esq.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of landlord's cross motion seeking summary judgment dismissing the first affirmative defense, insofar as it was asserted by tenant, Stephen DiBrienza, Esq., and on so much of the petition as was against tenant, Stephen DiBrienza, Esq., are denied; as so modified, the order, insofar as appealed from, is affirmed, without costs. 
In this commercial holdover proceeding, landlord alleges that she terminated the lease because tenant, Stephen DiBrienza, Esq., had entered into subleases without landlord's permission, and tenant and the alleged subtenants (together "respondents") have interposed several affirmative defenses, including, insofar as is relevant to this appeal, waiver. Tenant and undertenants moved for summary judgment dismissing the petition, and landlord cross-moved for summary judgment. The Civil Court denied the motion and granted the cross motion. Tenant [*2]appeals.
Although it is undisputed that tenant, an attorney, allowed other individuals and entities to operate their businesses out of the subject premises, neither party provided the details of the arrangements. Thus, it cannot be conclusively said on this record whether the arrangements between tenant and the alleged subtenants were subleases (see Theatre Row Phase II Assoc. v National Rec. Studios, 291 AD2d 172 [2002]). Consequently, neither party is entitled to summary judgment. Furthermore, the affirmative defense of waiver should not have been dismissed, as landlord did not demonstrate, as a matter of law, either that the non-waiver clause had not been waived (see P & D Cards & Gifts v Matejka, 150 AD2d 660 [1989]; Lee v Wright, 108 AD2d 678 [1985]), or that the defense otherwise lacks merit.
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of landlord's cross motion seeking summary judgment dismissing the first affirmative defense, insofar as it was asserted by tenant, Stephen DiBrienza, Esq., and on so much of the petition as was against tenant, Stephen DiBrienza, Esq., are denied. 
ELLIOT, J.P., PESCE and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 12, 2018