17-3496-cv
Morrison v. Buffalo Bd. of Educ.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand eighteen.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*

---

FAITH ANDREA MORRISON, AKA FAITH MORRISON ALEXANDER, Ed.D.,

*Plaintiff-Appellant,*

v.                                                                        No. 17-3496-cv

BUFFALO BOARD OF EDUCATION, BUFFALO PUBLIC SCHOOLS, CITY SCHOOL DISTRICT OF THE CITY OF BUFFALO, PAMELA BROWN, Ed.D., in her official and individual capacity, MARY GUINN, Ed.D., in her official and individual capacity, FLORENCE JOHNSON, in her official and individual capacity, MARY RUTH KAPSIAK, Ed.M., S.D.A., in her official and individual capacity, DARREN BROWN, in his official and individual capacity, JOHN LICATA, Esq., in his official and individual capacity, JASON M. MCCARTHY, in his official and individual capacity, BARBARA SEALS NEVERGOLD, Ph.D., in her official and individual capacity, CARL

PALADINO, Esq., in his official and individual capacity, JAMES M. SAMPSON, in his official and individual capacity, THERESA HARRIS-TIGG, Ph.D., in her official and individual capacity,

*Defendants-Appellees.*

APPEARING FOR APPELLANT: RAYMOND P. KOT, II, Esq., Williamsville, New York.

APPEARING FOR APPELLEES: JOEL C. MOORE, Assistant Counsel, Buffalo Public School District (Allison B. Fiut, Harris Beach PLLC, *on the brief*), Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 28, 2017, is AFFIRMED in part, and VACATED and REMANDED in part.

Plaintiff Faith Andrea Morrison, a school administrator, appeals from the dismissal of her amended complaint against the City of Buffalo Board of Education ("Board"), the City of Buffalo School District ("School District"), and numerous individual administrators and Board members (collectively, "defendants") for breach of Morrison's July 2, 2013 employment agreement ("Agreement") and negligent termination. The Board voted to terminate Morrison's employment on April 2, 2014, after determining that she had failed to obtain the professional certifications required by the Agreement. We review *de novo* the dismissal of the amended complaint, accepting the alleged facts as true and drawing all reasonable inferences in Morrison's favor. *See Barrows v. Burwell*, 777 F.3d

2

106, 111–12 (2d Cir. 2015). In applying that standard here, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm in part and to vacate and remand in part.

1.    Breach of Contract

Under New York law, which governs the Agreement, the elements of a breach of contract claim are (1) the existence of a contract, (2) performance by the party seeking recovery, (3) breach by the other party, and (4) damages suffered as a result of the breach. *See Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011). A district court may dismiss a breach of contract claim at the motion to dismiss stage "only if the terms of the contract are unambiguous." *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156 (2d Cir. 2016). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts." *Id.* (internal quotation marks omitted).

In dismissing the breach of contract claim, the district court here determined that Morrison failed to satisfy a contractual condition requiring her to maintain certain professional certifications and, thus, that defendants did not violate the Agreement by terminating her employment. Because the first conclusion cannot be reached as a matter of law on the present record, dismissal was premature.

Paragraph 13 of the Agreement requires Morrison "to maintain any certifications or qualifications . . . required by the [New York] Department of Civil Service or State Education Department." J. App'x at 81. In her pleadings, Morrison acknowledges that she held only a Florida certification at the time she applied for a position with the School District, but alleges that she "truthfully declared" her lack of a valid New York certification

3

during the application process and was hired nonetheless. *Id.* at 20. Morrison further alleges that when, during her first week on the job, she was directed to apply for interstate certification reciprocity, she promptly did so, whereupon the New York State Department of Education awarded her a conditional School Building Leader ("SBL") certificate on December 23, 2013. Further, on March 21, 2014, she was directed to apply for a School District Leader ("SDL") internship certificate, which she received on March 29, 2014. Thus, Morrison asserts that she was adequately certified at the time of her termination on April 2, 2014.

Defendants maintain, and the district court agreed, that neither the conditional SBL certificate nor the SDL internship certificate satisfied the Agreement's certification requirement. They point to the School District's posting for Morrison's position, which states that candidates must have either "a New York State School District Administrator (SDA), or [a] School District Leader (SDL) certificate by the time of appointment," *id.* at 65, neither of which Morrison had at the time of her termination. The Agreement, however, makes no mention of these particular certificates. It demands that Morrison satisfy certification requirements dictated by the New York Department of Civil Service and the New York State Education Department. *See Total Telcom Grp. Corp. v. Kendal on Hudson*, 157 A.D.3d 746, 747, 68 N.Y.S.3d 491, 492 (2d Dep't 2018) (explaining courts may determine material contract term using "objective extrinsic event, condition, or standard" referenced within contract itself). Nowhere does the record identify those state-agency requirements, and defendants cite no statute, rule, or regulation from which the requirements may be judicially noticed. Accordingly, on the present record, a court could

4

not reject, as a matter of law, Morrison's pleading that her SDL internship certificate satisfied the Agreement's certification requirement so as to support her breach of contract claim.

Morrison's admission that she did not possess the requisite certification at the time of her appointment warrants no different conclusion. Under New York law, contractual rights "may be waived if they are knowingly, voluntarily and intentionally abandoned," and such abandonment "may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage." *Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., LP*, 7 N.Y.3d 96, 104, 817 N.Y.S.2d 606, 611 (2006) (internal quotation marks omitted). Waivers are "not . . . lightly presumed," but a party's intent to relinquish a contractual right generally presents a question of fact. *Id.* Here, although the Agreement contains a no-waiver clause, the "mere existence" of such a provision "does not preclude waiver of a contract clause." *Stassa v. Stassa*, 123 A.D.3d 804, 806, 999 N.Y.S.2d 116, 119 (2d Dep't 2014) (citing *Dice v. Inwood Hills Condo.*, 237 A.D.2d 403, 404, 655 N.Y.S.2d 562, 562 (2d Dep't 1997)). Indeed, Morrison alleges that defendants hired her knowing that she did not possess New York certification; that defendants twice directed her to apply for certain certificates, which she promptly did; and that her second certificate brought her into compliance with the Agreement. From these allegations, it may plausibly be inferred that defendants waived the Agreement's requirement for New York certification, at least at "the time of appointment." J. App'x at 65; *see Awards.com, LLC v. Kinko's, Inc.*, 42 A.D.3d 178, 188, 834 N.Y.S.2d 147, 155–56 (1st Dep't 2007) (explaining that, notwithstanding no-waiver clause, where non-breaching

party continues to perform or accept performance after breach, it loses right to terminate contract based on prior breach and only retains option to terminate based on subsequent breach). Accordingly, we vacate the dismissal of the breach of contract claim and remand for further proceedings.

2. Breach of Implied Covenant of Good Faith and Fair Dealing

Morrison also pleads breach of the implied covenant of good faith and fair dealing, citing defendants' failure affirmatively to assist her in obtaining the proper certification (to the extent different from that which she already possessed). She cannot proceed on that basis because the implied duty of good faith and fair dealing "can only impose an obligation consistent with other mutually agreed upon terms in the contract [and] . . . does not add to the contract a substantive provision not included by the parties." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 198–99 (2d Cir. 2005) (alteration and internal quotation marks omitted). Here, the Agreement requires *Morrison* to "maintain" certain certificates and nowhere requires defendants affirmatively to *assist* her in satisfying that obligation. J. App'x at 81. Thus, because Morrison's implied covenant theory improperly adds a substantive obligation not otherwise provided for in the Agreement, it cannot provide an alternative basis for recovery. We affirm dismissal of this part of the amended complaint.

3. Negligent Termination

Morrison asserts that if she lacked certificates required by the Agreement, the failure is attributable to negligent directions from individual defendants Darren Brown and Pamela Brown, which, therefore, proximately caused her termination. Even assuming New York law recognizes a negligent termination claim by a fixed-term employee, *but see Lobosco*

6

*v. N.Y. Tel. Co./NYNEX*, 96 N.Y.2d 312, 316, 727 N.Y.S.2d 383, 387 (2001) (explaining wrongful discharge claim not cognizable for at-will employee), we conclude that Morrison fails to state such a claim here.

A negligent termination claim, like any other tort claim, requires showing, *inter alia*, the existence of a duty owed to the injured party. *See Charles v. Onondaga Cmty. Coll.*, 69 A.D.2d 144, 145–49, 418 N.Y.S.2d 718, 719–22 (4th Dep't 1979); *see also Pasternack v. Lab. Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015) (setting forth elements of negligence claim under New York law). Morrison identifies no such duty here. Insofar as she seeks to locate the requisite duty in the Agreement, tort liability requires a "legal duty independent of the contract itself." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 657 (1987) (explaining legal duty "must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract"); *accord Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012). Alternatively, Morrison suggests that the requisite duty flows from defendants' "voluntar[y] assum[ption] [of] a duty that generates [her] justifiable reliance." *McLean v. City of New York*, 12 N.Y.3d 194, 199, 878 N.Y.S.2d 238, 242 (2009) (internal quotation marks omitted). To proceed on that theory, however, Morrison must show defendants' assumption "through promises or actions[] of an affirmative duty to act on behalf of the party who was injured." *Id.*, 12 N.Y.3d at 201, 878 N.Y.S.2d at 243 (internal quotation marks omitted). The amended complaint pleads only that defendant Darren Brown twice directed her to apply for specific certificates. Morrison nowhere pleads promises or actions by Brown

7

suggesting his assumption of a duty affirmatively *to act on her behalf* in securing those certificates so as to support a tort claim. Accordingly, we also affirm the dismissal of Morrison's negligent termination claim. *See Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 205 (2d Cir. 2006) (explaining appellate court may affirm on any basis for which there is sufficient support in record).

We have considered plaintiff's remaining arguments and conclude that they are without merit. Accordingly, for the reasons stated, the judgment of the district court is VACATED and REMANDED in part as to Morrison's breach of contract claim, and AFFIRMED in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court