Stromberg v East Riv. Hous. Corp. (2025 NY Slip Op 04757)

Stromberg v East Riv. Hous. Corp.

2025 NY Slip Op 04757

Decided on August 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 21, 2025

Before: Moulton, J.P., Scarpulla, Kapnick, Rodriguez, Higgitt, JJ. 

Index No. 654047/22|Appeal No. 4356|Case No. 2024-00578|

[*1]Eleanor Stromberg, et al., Plaintiffs-Respondents,
v
East River Housing Corporation, Defendant-Appellant, Board of Directors of East River Housing Corporation, et al., Defendants.

Sills Cummis & Gross P.C., New York (Mitchell D. Haddad of counsel), for appellant.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered December 28, 2023, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the breach of contract claim and granted plaintiffs' cross-motion for summary judgment dismissing defendant's counterclaims, unanimously modified, on the law, to the extent of dismissing the breach of contract claim insofar as it is based on defendant's alleged failure to provide notifications of board action as required by defendant's bylaws and proprietary lease, and otherwise affirmed, without costs.
This appeal arises from the refusal by the board of defendant cooperative to approve the sale of plaintiffs' apartment. The motion court properly found that issues of fact exist as to whether the business judgment rule applies to defendant's rejection of the sale application. The parties sharply dispute whether a minimum sale price floor was implemented by defendant (compare Singh v Turtle Bay Towers Corp., 74 AD3d 568, 568 [1st Dept 2010]) with Oakley v Longview Owners, 165 Misc 2d 192, 193-194 [Sup Ct, Westchester County 1995]).
Plaintiffs have abandoned the branch of their breach of contract claim that is based on defendant's alleged failure to comply with certain notice provisions contained in the bylaws and proprietary lease regarding board action.
The motion court also correctly dismissed defendant's first and second counterclaims. The first counterclaim seeks a declaratory judgment that defendant's board of directors may properly consider an apartment's sales price when deciding whether to grant or withhold consent to a sale. Plaintiffs do not dispute that defendant may consider the purchase price; rather, they contend that the price may not be the sole criterion considered in approving or denying an application. The only question, as recognized by the motion court, is whether the particular manner in which defendant considered the apartment's sales price was legally permissible, and defendant is not seeking a declaratory judgment on that issue. Therefore, no justiciable controversy exists (see CPLR 3001), and the declaratory judgment counterclaim was properly dismissed.
As to the second counterclaim for attorneys' fees, it was based on an attorneys' fees provision substantially identical to the one we previously held unenforceable in Matter of Krodel v Amalgamated Dwellings Inc. (166 AD3d 412, 414 [1st Dept 2018], lv denied 33 NY3d 910 [2019]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 21, 2025